```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHVIN ZAVERI, RED FOX RUN CORPORATION, and
ZAVERI OIL & GAS, LTD., individually and
in their representative capacities
as Managers  and/or Managing Partners
of certain NYS General Partnerships,

                        Plaintiffs,
                                                     08-CV-6554T
                    v.                               **DECISION**
                                                     **and ORDER**

CONDOR PETROLEUM CORPORATION,

                        Defendant.
_____
```

## INTRODUCTION

Plaintiffs Ashvin Zaveri, Red Fox Run Corporation, and Zaveri Oil & Gas, Ltd. bring this action against defendant Condor Petroleum Corporation ("Condor") claiming that the defendant has inter alia, breached an agreement between the parties to develop oil and gas reserves located in Louisiana, and to share in the profits of the development.  Specifically, plaintiffs contend that they are investors who became part-owners of an oil field with Condor, a company specializing in oil and gas exploration. Plaintiffs contend that Condor has unjustifiably stopped sharing profits with  them, and has failed to provide an accounting of revenue and expenses for the oil field.  Plaintiffs also allege a federal cause of action claiming that the defendant violated Section 10(b) of the Exchange Act by employing deceptive devices in the selling of securities.

Defendant moves to dismiss the Complaint on grounds that this court lacks personal jurisdiction over it. Specifically, Condor contends that as a foreign corporation with no contacts with the State of New York, this court lacks personal jurisdiction over the company pursuant to New York's long-arm statute.

Plaintiffs oppose defendant's motion, and contend that because Condor had sufficient contacts with New York State, this court has personal jurisdiction over the defendant. Plaintiffs further contend that venue in the Western District of New York is appropriate.

For the reasons set forth below, I find that this court lacks personal jurisdiction over Condor, and, in the interests of justice, I hereby transfer this action to the Western District of Louisiana.

## BACKGROUND

The following allegations are set forth in the plaintiffs' Complaint. In 1991, defendant Condor Petroleum Corporation, a Louisiana Company, approached plaintiff Ashvin Zaveri, a resident of New York State, with a proposal to jointly develop an oil field located in Louisiana. Condor, which is in the business of developing oil fields, sought investment monies from Zaveri for the purpose of developing the North Ossun Field located in Lafayette Parish, Louisiana.

In 1993, Zaveri and Condor entered into an Operating Agreement ("the Agreement") in which Zaveri agreed to invest in the development of the North Ossun Oil Field in return for a 50% ownership interest in the development. In turn, Zaveri and/or his corporations (plaintiffs Red Fox Run Corporation and Zaveri Oil and Gas), established several partnerships with additional investors in New York State to develop individual wells in Louisiana.

Pursuant to the joint venture between plaintiffs and defendant, Condor sent to the plaintiffs revenue payments in excess of $5,000,000.00. Plaintiffs claim that in 2002, however, Condor started reducing payments for no apparent reason, and stopped providing an accounting of its operations. Plaintiffs contend that to their knowledge, the oil fields remain profitable, and that Condor has breached its obligation to provide revenue payments.

## DISCUSSION

I. Personal Jurisdiction under New York State's Long Arm Statute

Condor moves to dismiss the Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on grounds that this Court has no personal jurisdiction over the company. Where no federal statute governing personal jurisdiction is applicable, the long arm statute of the State in which the District Court sits is applicable. See Insurance Corp. of Ireland v. Compagnie Des Bauxites, 456 U.S. 694 (1982). Section 302 of the New York State

Civil Practice Law and Rules ("CPLR"), New York State's "long arm" statute, provides in relevant part that "[a]s to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . [t]ransacts any business within the state . . . ."  New York CPLR § 302(a)(1) (McKinney's 2001).  To establish that a defendant has "transacted business" in New York, pursuant to Section 302(a)(1), a plaintiff need only demonstrate that the defendant engaged in a single business transaction within the state, provided that the transaction is the basis of the plaintiff's claim.  Bank Brussels Lambert v. Fiddler, Gonzalez, & Rodriguez, 171 F.3d 779 (2nd Cir., 1999).

In cases where the defendant is alleged to have committed a tortious act outside of New York State that injured a person or property within the state, New York State courts may assert personal jurisdiction over the defendant if the defendant:

> (I) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

New York CPLR § 302(a)(3) (McKinney's 2001).

II. Plaintiffs have failed to establish that the defendant has transacted business in New York State.

A. Plaintiffs have failed to establish jurisdiction pursuant to Section 302(a)(1) of the New York CPLR.

In moving to dismiss the Complaint for lack of personal jurisdiction, Condor has alleged several jurisdictional facts including:

1) Condor does not have, and has never had, an office in New York State.

2) No employee of Condor has ever traveled to New York state for any business matter.

3) Condor has never prospected for oil in New York State, and owns no property in New York State.

4) Condor has no New York State business contacts other than the plaintiffs.

5) Condor does not have a website.

6) The agreement between the plaintiffs and defendant was executed in Louisiana, and provides for application of Louisiana law in the case of any disputes between the parties.

7) All business meetings between the parties took place in Louisiana, and none took place in New York.

8) Condor does not advertise or solicit business in New York

9) All work performed by Condor pursuant to the parties' Agreement was performed in Louisiana.

These jurisdictional facts demonstrate that Condor is not transacting business in the State of New York. The contract was negotiated and executed in Louisiana; payments by the plaintiffs to the defendant were sent to Louisiana; the Agreement specified Louisiana law as the law governing interpretation and enforcement of the contract, the work performed under the Contract occurred in Louisiana, and the defendant was never present in the State of New York. See National Telephone Directory Consultants, Inc. v. Bellsouth Advertising & Publishing Corporation, 25 F.Supp.2d 192, 195 (S.D.N.Y., 1998)(setting forth factors to be considered when determining personal jurisdiction).

Plaintiffs contend, however, that Condor has substantial contact with New York, and has not only engaged in a single business transaction in New York, but has engaged in systematic and continuous business in New York State. For example, plaintiffs contend that Condor has solicited business in New York, and has successfully raised millions of dollars in capital from New York investors. As part of the solicitation, plaintiffs contend that Condor has invited New York residents to visit the oil fields located in Louisiana; has hosted several New York investors at its Louisiana location; made promotional presentations to New York investors while the investors were visiting Louisiana locations; has sent New York investors promotional materials regarding the personal biographies of Condor employees; has sent geological

information regarding oil fields in Louisiana; and recommended forms to be used by the plaintiffs in setting up investment partnerships with various investors. Plaintiffs also allege that in 2000, Wayne Evitt, the President and Secretary of Condor, discussed business with Zaveri in New York State when Evitt was Zaveri's guest at the wedding of Zaveri's daughter. Finally, plaintiffs allege that in the late 1990's, Zaveri and Gilbert Smith, a Geologist employed by Condor, traveled to India to discuss investment by Indian investors in the Louisiana oil field.

These allegations, even if true, fail to establish that Condor transacted any business in New York State, and certainly fail to establish that Condor engaged in systematic and continuous business in New York State. That the defendant sent promotional materials to New York State investors, invited New York residents to Louisiana, and solicited investments from New York residents fails to establish that Condor transacted any business in New York State, as solicitation of business alone does not constitute transacting business under New York law. Chamberlain v. Jiminy Peak, 176 A.D.2d 1109, 1109-10 (N.Y. App. Div. 3rd Dept., 1991). Additionally, a claim that the President of Condor attended the wedding of Zaveri's daughter in New York State, and may have discussed business during the course of the wedding celebration, fails to establish that the President of the Company engaged in or transacted business in New York State. Similarly, the Court can

find no aspect of the alleged trip by plaintiff Zaveri and a Condor employee to India which would create jurisdiction over the defendant by a court sitting in New York state.  Although the plaintiffs themselves may have engaged in substantial activity within the state of New York in an effort to obtain investment funds for its investments with Condor, the plaintiffs' activities cannot be attributed to the defendant for the purpose of establishing personal jurisdiction over the defendant.  <u>Worldwide Futgol Assoc.'s, Inc. v. Event Entertainment, Inc.</u>, 983 F.Supp. 173, 177 (E.D.N.Y., 1997).

    B.    <u>Plaintiffs have failed to establish jurisdiction pursuant to Section 302(a)(3) of the New York CPLR.</u>

Because plaintiffs have failed to establish that Condor engaged in a single transaction in New York State for purposes of establishing jurisdiction pursuant to Section 302(a)(1) of the New York CPLR, I find that plaintiffs have failed to establish that Condor has engaged in regular or systematic business in New York State pursuant to Section 302(a)(3)(i) of the CPLR.[1]

More fundamentally, however, plaintiffs have failed to establish that Condor committed a tortious act outside of the state that caused an injury to a person or property in New York. Plaintiffs contend that Condor, acting in Louisiana, converted

---

[1] Moreover, because there is no allegation that Condor derives substantial revenue from interstate or international commerce, there is no basis for jurisdiction over Condor pursuant to Section 302(a)(3)(ii).

"certain business opportunities" to the plaintiffs' detriment, and withheld funds rightfully owed to the plaintiffs. These allegations, however, do not establish the commission of a tort outside of New York that injured a party in New York. "[T]he situs of a non-physical commercial injury is 'where the critical events associated with the dispute took place' " United Bank of Kuwait v. James M. Bridges Ltd., 766 F.Supp. 113, 116 (S.D.N.Y.1991)(quoting American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp., 439 F.2d 428, 433 (2d Cir.1971)). Accordingly, in cases alleging a non-physical, commercial injury, for purposes of long-arm jurisdiction, the "injury occurs at the location of the original events that caused the injury, not the location where the resultant damages are felt by the [plaintiff]." National Telephone Directory Consultants, 25 F.Supp.2d at 198. Because in this case the alleged conversion occurred in Louisiana, the resulting injury, as a matter of law occurred there as well, and plaintiffs have failed to establish personal jurisdiction pursuant to Section 302(a)(3) of the New York CPLR.

III. Transfer

In cases where a court lacks personal jurisdiction over a defendant, the court may either dismiss the case without prejudice, or, if the interests of justice so require, may transfer the case to a district court where the action could have been filed

originally. Specifically, 28 U.S.C. § 1631 provides in relevant part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

In the instant case, I find that the interests of justice require transfer of this action to the Western District of Louisiana, the judicial district in which this action could have been brought originally.

## CONCLUSION

For the reasons set forth above, I find that this court lacks personal jurisdiction over defendant Condor. Accordingly, pursuant to 28 U.S.C. § 1631, I direct that the Clerk of the Court transfer this action to the Western District of Louisiana.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
August 10, 2009